UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREG A. HOLLIMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-01603-LJM-TAB |
| ) | |
| JOHN R. WERNERT in his official capacity ) | |
| as Secretary of the Indiana Family and ) | |
| Social Services Administration, and ) | |
| LANCE RHODES in his official capacity ) | |
| as Director of Family Resources, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter pends before the Court on Defendants', John R. Wernert and Lance Rhodes' (collectively, "Defendants'") Motion for Summary Judgment.

### I. FACTUAL BACKGROUND

These are the undisputed material facts. Plaintiff Greg A. Holliman ("Plaintiff") had been receiving food stamps prior to being charged with maintaining a common nuisance, a felony offense. In 2005, he was convicted of the offense pursuant to a plea agreement. After serving his sentence, he applied for and was approved for food stamps. No one asked Plaintiff about his conviction and he did not volunteer the information. In 2014, the Indiana Family and Social Service Administration notified Plaintiff that he was not eligible for food stamps and had not been so eligible since his conviction. Plaintiff has sued Defendants alleging that the denial of his eligibility to receive food stamps amounts to a deprivation of his constitutional right to due process, subjects him to an unlawful bill of attainder or ex post facto law.

## II. SUMMARY JUDGMENT STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267–68 (7th Cir. 1990). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56(a), which provides in relevant part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials showing that a fact either is or cannot be genuinely disputed. Fed. R. Civ. P. 56(c)(1). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Goodman v. Nat'l Sec. Agency, Inc.*. 621 F.3d 651, 654 (7th Cir. 2010). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying applicable evidence. *See Goodman*, 621 F.3d at 654; *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). If the moving party does not have the ultimate burden of proof on a claim, it is sufficient for the moving party to direct the court to the lack of evidence as to an element of that claim. *See Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 & n.3 (7th Cir. 1994). "If the nonmoving party fails to establish the existence of an element essential to [her] case, one on which [she] would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

### III. DISCUSSION

Defendants administer the federal food stamp program. The federal law at 21 U.S.C. § 862a disqualifies individuals from participating in the food stamp program if they have a drug related conviction. Specifically, the disqualification applies to persons convicted of "any offense which is classified as a felony by the law of the jurisdiction involved [Indiana] and which has as an element the possession, use, or distribution of a

controlled substance . . . ." The parties do not dispute that in Indiana, the crime called Maintaining a Common Nuisance has such an element.

Plaintiff asserts that in declaring him ineligible for food stamps, Defendants have subjected him to the constitutionally prohibited bill of attainder. The United States Supreme Court has opined that a law is a bill of attainder if it "legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Admin. of Gen. Servs.*, 433 U.S. 425, 468 (1977). The Seventh Circuit has instructed that in order to be deemed a bill of attainder the accused legislative or executive action must consist of "three elements: (1) specification of the affected persons; (2) punishment; and (3) lack of a jury trial." *Dehainaut v. Pena*, 32 F.3d 1066, 1070 (7th Cir. 1994).

The Seventh Circuit has determined that disqualification from the food stamp program is not punishment for purposes of the double jeopardy clause. *See Turner v. Glickman*, 207 F.3d 419, 431 (7th Cir. 2000). The careful analysis of the congressional intent in the *Turner* opinion clearly applies to this case. There being no punitive intent by Congress for the disqualification of a food stamp recipient for a drug related criminal conviction, there is no bill of attainder therein.

For the same reason the disqualification of a food stamp recipient upon a conviction for a drug related offense cannot implicate ex post facto protection because the consequence cannot be deemed criminal punishment. *See Turner*, 207 F.3d at 431. It is this Court's view that if losing food stamp privileges is not punishment for double jeopardy purposes, that loss cannot be held to be punishment for ex post facto purposes.

Application of the *Turner* case disposes of Plaintiff's third claim as well because there is a rational connection between the probation of food stamps to those convicted of drug related crimes and a legitimate government interest. The legitimate interests herein are the same as those in *Turner*. Specifically, the challenged governmental action's rational basis is to deter crime and to reduce instances of fraud in the food stamp program. The deterrence sought is not only for Plaintiff, but for other food stamp recipients.

For these reasons, the Defendants' Motion for Summary Judgment, Dkt. No. 34, is **GRANTED** and Judgment shall be entered in favor of Defendants and against Plaintiff.

IT IS SO ORDERED this 28th day of July, 2016.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT &
CIVIL RIGHTS LEGAL SERVICES PC
jaym@ecrls.com

David F. McNamar
MCNAMAR & ASSOCIATES, P.C.
dfmcnamar@mcnamarlaw.com

Robert Joseph Opat
MEISENHELDER EMPLOYMENT &
CIVIL RIGHTS LEGAL SERVICES, P.C
robertopat@ecrls.com

Benjamin J Legge
OFFICE OF THE ATTORNEY GENERAL
benjamin.legge@atg.in.gov

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov